# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MASSACHUSETTS

In re:

EILEEN M. PLANT,

Debtor

Chapter 13

Case No. 13-13607-WCH

## TRUSTEE'S OBJECTION TO DEBTOR'S AMENDED CLAIM OF EXEMPTIONS

Now comes Carolyn A. Bankowski, Standing Chapter 13 Trustee ("Trustee"), and respectfully objects to the Debtor's claimed Massachusetts exemptions on Amended Schedule C filed on September 10, 2013 and as reasons therefore states as follows:

1. The Debtor filed the Chapter 13 petition on June 14, 2013. On July 24, 2013, the Debtor appeared for a meeting of creditors with counsel and was sworn. On Schedule B the Debtor lists certain assets and on the amended schedule C filed on September 10, 2013, claims certain exemptions in those assets. The Trustee objects to the Debtor's amended claim of exemptions as set forth below.

### A.  MONEY MARKET FUNDS

2. On Schedule B the Debtor lists a money market account with a balance of $38,000.00. The Debtor described the money market account as follows:

    *Citizen's Money Market; Opened to Manage Insurance 38,000.00 Proceeds; Initial Deposit at or around petition date in an amount of $59,000.00 jointly endorsed to Debtor and Insurance Adjuster Al Elkin; This initial payment was delineated as an initial payment for replacement contents; Resulted in approximate net to Debtor of $38,000.00.*

    On Amended Schedule C, the Debtor claims an exemption in the money market account pursuant to Massachusetts statute. The Trustee objects to the Debtor's claim of exemptions as follows:

    MGLA c. 235 §34(1): $24,175.00 – The Trustee objects to the Debtor's clam of exemption as the money market funds are not apparel, bedding, a heating unit, stove, refrigerator, freezer or hot water heater. Further, if the Debtor were allowed to claim an

exemption under this section, the total amount allowed to be exempted under §34(1) is limited to $500.00 and the Debtor has already claimed exemptions under §34(1) in other assets in an amount that exceeds $500.00.

MGLA c. 235 §34(2): $12,600.00 – The Trustee objects to the Debtor's claim of exemption under §34(2) because the money market funds are not "household furniture necessary for the debtor and debtor's family" and therefore the exemption available under §34(2) does not apply to the asset.

MGLA c. 235 §34(18): $1,225.00 - The Trustee objects to the Debtor's claim of exemption under §34(18) because the money market funds are not "jewelry held primarily for the personal, family, or household use of the debtor or the debtor's spouse or dependent" and therefore the exemption available under §34(18) does not apply to the asset.

B.     BALANCE OF INSURANCE COVERAGE

3. On Schedule B the Debtor lists the balance of insurance proceeds with a value of $13,608.18 as follows:

> *$13,608.18 balance of contents coverage payout from Arbella 13,608.18 contingent upon proof of replacement costs; payment estimated November, 2013*

On Amended Schedule C the Debtor claims an exemption under MGLA c. 235 §34(1) in the amount of $13,608.18. The Trustee objects to the Debtor's clam of exemption as the insurance proceeds are not apparel, bedding, a heating unit, stove, refrigerator, freezer or hot water heater. Further, if the Debtor were allowed to claim an exemption under this section, the total amount allowed to be exempted under §34(1) is limited to $500.00 and the Debtor has already claimed exemptions under §34(1) in other assets in an amount that exceeds $500.00.

2

C.  LIVING EXPENSES

4. On Schedule B the Debtor lists reimbursable living expenses with a value of $15,900.00 as follows:

> *Approximately $15,900.00 in attributable reimbursable living $15,900.00 expenses and hotel rooms for the period from March 23, 2013 through the time the Mobile Home was placed on the premises by Arbella in late April /early May. Payment expected on or before November 2013;*

On Amended Schedule C among other properly claimed exemptions the Debtor claims exemptions in the reimburseable living expenses as follows:

MGLA c. 235 §34(1):  $480.00 -  The Trustee objects to the Debtor's clam of exemption as the insurance proceeds are not apparel, bedding, a heating unit, stove, refrigerator, freezer or hot water heater.  Further, if the Debtor were allowed to claim an exemption under this section, the total amount allowed to be exempted under §34(1) is limited to $500.00 and the Debtor has already claimed exemptions under §34(1) in other assets in an amount that exceeds $500.00.

WHEREFORE, the Trustee requests that the Court sustain her objection to the Debtor's claimed exemptions and for such other relief as is proper.

Dated:  September 11, 2013              Respectfully submitted,
                                        Carolyn A. Bankowski
                                        Standing Chapter 13 Trustee,

                                        /s/ Patricia A. Remer
                                        Carolyn A. Bankowski, BBO#631056
                                        Patricia A. Remer, BBO#639594
                                        Office of the Chapter 13 Trustee
                                        PO Box 8250
                                        Boston, MA  02114-0022
                                        (617) 723-1313
                                        13trustee@ch13boston.com

3

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS

| In re: | |
|---|---|
| EILEEN M. PLANT, Debtor | Chapter 13<br>Case No. 13-13607-WCH |

### Certificate of Service

The undersigned hereby certifies that on August 2, 2013, a copy of the Trustee's Objection to Debtor's Exemptions was served via first class mail, postage prepaid, or by electronic notice, on the debtor and debtor's counsel at the addresses set forth below.

Eileen M. Plant
25-27 Highland Ave.
Mansfield, MA 02048

Evan P Lowney
905 Turnpike St. Suite A1
Canton, MA 02021

/s/ **Patricia A. Remer**
Patricia A. Remer, BBO#639594