# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MASSACHUSETTS

| In re: | |
|---|---|
| EILEEN M. PLANT, | Chapter 13 |
| Debtor | Case No. 13-13607-WCH |

### TRUSTEE'S MEMORANDUM OF LAW IN SUPPORT OF
### TRUSTEE'S OBJECTION TO DEBTORS' AMENDED CLAIM OF EXEMPTIONS

Now comes Carolyn A. Bankowski, Standing Chapter 13 Trustee ("Trustee"), and files this Memorandum of Law in support of the Trustee's Objection to Debtors' Amended Claim of Exemptions ("Trustee's Objection") and in support thereof states as follows:

1. The Debtor filed the Chapter 13 petition on June 14, 2013. On July 24, 2013, the Debtor appeared for a meeting of creditors with counsel and was sworn. On Schedule B the Debtor lists certain assets and on the amended schedule C filed on September 10, 2013, claims certain exemptions in those assets pursuant to Massachusetts law.

## FACTS

2. On September 11, 2013, the Trustee filed an Objection to Exemptions as amended on September 10, 2013 as follow:

### A.     MONEY MARKET FUNDS

On Schedule B the Debtor lists a money market account with a balance of $38,000.00. The Debtor described the money market account as follows:

> *Citizen's Money Market; Opened to Manage Insurance 38,000.00 Proceeds; Initial Deposit at or around petition date in an amount of $59,000.00 jointly endorsed to Debtor and Insurance Adjuster Al Elkin; This initial payment was delineated as an initial payment for replacement contents; Resulted in approximate net to Debtor of $38,000.00.*

On Amended Schedule C, the Debtor claims an exemption in the money market account pursuant to Massachusetts statute. The Trustee objects to the Debtor's claim of exemptions as follows:

MGLA c. 235 §34(1):  $24,175.00 – The Trustee objects to the Debtor's clam of exemption as the money market funds are not apparel, bedding, a heating unit, stove, refrigerator, freezer or hot water heater.  Further, if the Debtor were allowed to claim an exemption under this section, the total amount allowed to be exempted under §34(1) is limited to $500.00 and the Debtor has already claimed exemptions under §34(1) in other assets in an amount that exceeds $500.00.

MGLA c. 235 §34(2):  $12,600.00 – The Trustee objects to the Debtor's claim of exemption under §34(2) because the money market funds are not "household furniture necessary for the debtor and debtor's family" and therefore the exemption available under §34(2) does not apply to the asset.

MGLA c. 235 §34(18):  $1,225.00 - The Trustee objects to the Debtor's claim of exemption under §34(18) because the money market funds are not "jewelry held primarily for the personal, family, or household use of the debtor or the debtor's spouse or dependent" and therefore the exemption available under §34(18) does not apply to the asset.

### B.    BALANCE OF INSURANCE COVERAGE

On Schedule B the Debtor lists the balance of insurance proceeds with a value of $13,608.18 as follows:

> *$13,608.18 balance of contents coverage payout from Arbella 13,608.18 contingent upon proof of replacement costs; payment estimated November, 2013*

On Amended Schedule C the Debtor claims an exemption under MGLA c. 235 §34(1) in the amount of $13,608.18.  The Trustee objects to the Debtor's clam of exemption as the insurance proceeds are not apparel, bedding, a heating unit, stove, refrigerator, freezer or hot water heater.  Further, if the Debtor were allowed to claim an exemption under this section, the total amount allowed to be exempted under §34(1) is limited to $500.00 and the Debtor has already claimed exemptions under §34(1) in other assets in an amount that exceeds $500.00.

### C.    LIVING EXPENSES

On Schedule B the Debtor lists reimbursable living expenses with a value of $15,900.00 as follows:

> *Approximately $15,900.00 in attributable reimbursable living $15,900.00 expenses and hotel rooms for the period from March 23, 2013 through the time the Mobile Home was placed on the premises by Arbella in late April /early May. Payment expected on or before November 2013;*

On Amended Schedule C among other properly claimed exemptions the Debtor claims exemptions in the reimburseable living expenses as follows:

2

> MGLA c. 235 §34(1): $480.00 - The Trustee objects to the Debtor's clam of exemption as the insurance proceeds are not apparel, bedding, a heating unit, stove, refrigerator, freezer or hot water heater. Further, if the Debtor were allowed to claim an exemption under this section, the total amount allowed to be exempted under §34(1) is limited to $500.00 and the Debtor has already claimed exemptions under §34(1) in other assets in an amount that exceeds $500.00.

3.     On October 24, 2013, a hearing was held on the Amended Objection to Exemptions. The court then took the matter under advisement and allowed the parties to file briefs on the issue on or before November 8, 2013.

## ARGUMENT

4.     The facts and law as they exist on the petition date determine the extent of a claimed exemption. In re Govoni, 289 B.R. 500 (Bankr.D.Mass. 2002), *citing* In re Zibman, 268 F.3d. 298 (5th Cir. 2001). In the instant case, as of the time of the petition, the Debtor had suffered a fire in her primary residence located at 25-27 Higland Avenue in Mansfield, MA and had already received insurance proceeds from the fire. The Debtor apparently used some of the proceeds to replace certain household items and clothing and then deposited the rest of the proceeds into a money market account. The Debtor is also expecting to receive some additional funds that were held back by the insurance company.

5.     The Debtor argues that the insurance proceeds somehow stand in the place of the household good, furniture, clothing, jewelry and other items that were destroyed by the fire, and claims an exemption under MGLA. c. 235 §§1, 2, and 18 for the proceeds that are currently in the money market account and that will be received in the future. The Debtor argues that she is entitled to claim an exemption in the funds because they are "earmarked" for replacement of the contents of the home that were destroyed by the fire.

3

6.  Fire insurance polices are personal contracts providing for the payment of indemnity to the insured in case of loss, and the amounts received does not stand for or represent the property damaged or destroyed.  An insurance policy is an asset separate and distinct from the insured property.  Converse v. Boston Safe Deposit & Trust Co., 315 Mass. 544, 548 (1944).

7.  A debtor's right to insurance proceeds for damage to property derives, not from the property itself, but from a contract of indemnification between the debtor and the insurance company.  The contract is personal and does not run with the property and an exemption of the premises or personal property does not remove the policy or the proceeds of the policy from the bankruptcy estate.  In re Weisner, 267 B.R. 32 (Bankrtcy.D.Mass. 2011).  *See also*, In re Hoffpauir, 258 B.R. 447 (Bankrtcy.D.Idaho 2001) (The insurance policy is a contact and the proceeds are a contractual benefit payable upon loss in return for premiums earlier paid.  The money is a recovery of or a realization on that contract right.  The money is not a substitute for goods).

8.  Prior to filing, the Debtor had assets that consisted of a home and the contents of the home, as well as an insurance policy.  Prior to filing the Debtor suffered a loss and received proceeds from the insurance policy.  Once those proceeds were received by the Debtor they became a separate asset, distinct from both the policy and the assets that had been insured. As such, the Trustee asserts that the Debtor cannot claim that the proceeds are earmarked for other assets or that they somehow stand in for those assets, as the proceeds are just that, cash proceeds that are being held by the Debtor for future use.

9.  Further, the language contained in the specific sections of MGLA c. 235 clearly delineate what items are considered to be exempt under those sections.  MGLA c. 235 §34(1) specifies apparel, bedding, a heating unit, stove, refrigerator, freezer or hot water heater.  MGLA

4

c. 235 §34(2) specifies household furniture necessary for the debtor and debtor's family and MGLA c. 235 §34(18) specifies jewelry held primarily for the personal, family, or household use of the debtor or the debtor's spouse or dependent. Nothing in the statute indicates that funds earmarked for these items are included in these exemptions and there is no specific exemption for insurance proceeds. There is, however, a specific exemption for cash or savings (MGLA c. 235 §15) which is limited to $2,500.00. The Debtor can claim an exemption in the funds held in the account up to $2,500.00, but cannot then claim any other amount in the funds that are being held and/or will be received from the insurance policy.

10. The Debtor argues that the plain language of the statute indicates that it is the reasonable necessity of the debtor to provide for one's household that give rise to the need for the exemptions set forth in MGLA c. 235 §34 sections 1, 2 and 18. However, as set forth above, there is nothing in the statutory language and/or the legislative comments that would support this assertion. Had the legislature intended to exempt insurance proceeds, they could have easily included a provision that allows the substitution of insurance proceeds for those items delineated in MGLA c. 235 §34. Because no such language was included, the Trustee asserts that the Court cannot draw an inference that such an exemption was contemplated and/or allowed. *See* In re Simpson, 238 B.R. 776 (Bankrtcy.S.D.Ill. 1999) (While it is true that an exemption statute should be construed liberally in favor of the debtor, liberal construction does not entail judicial re-drafting and a court must be mindful to avoid interpreting an exemption statute in a way not contemplated by the legislature in enacting a state's exemption scheme).

## CONCLUSION

Based on the foregoing, the Trustee asserts that the Debtors' claim of exemptions on the Amended Schedule C exceeds the allowed exemption available pursuant to M.G.L. c. 235 §34. The Trustee therefore asserts that the over-claimed amounts are non-exempt and are property of the estate and that the Trustee's Objection to Exemptions should be sustained.

Dated:  November 7, 2013

Respectfully submitted,
Carolyn A. Bankowski
Standing Chapter 13 Trustee,
By:  /s/ Patricia A. Remer
Carolyn A. Bankowski, BBO#631056
Patricia A. Remer, BBO#639594
Office of the Chapter 13 Trustee
PO Box 8250
Boston, MA  02114-0022
(617) 723-1313
13trustee@ch13boston.com

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**

| In re:<br>　　EILEEN M. PLANT,<br>　　　　　　　　　　　　Debtor | Chapter 13<br>Case No. 13-13607-WCH |

**Certificate of Service**

The undersigned hereby certifies that on <u>November 7, 2013</u> a copy of the foregoing Reply Memorandum of Law was served via first class mail, postage prepaid, or by electronic notice, on the debtor and debtor's counsel at the addresses set forth below.

Eileen M. Plant　　　　　　　　　　　　　　　　　Evan P Lowney
25-27 Highland Ave.　　　　　　　　　　　　　　905 Turnpike St. Suite A1
Mansfield, MA 02048　　　　　　　　　　　　　　Canton, MA 02021

　　　　　　　　　　　　　　　　　　　　　　　　/s/ **Patricia A. Remer**
　　　　　　　　　　　　　　　　　　　　　　　　Patricia A. Remer, BBO 639594

7